No. 09-1657

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

In re: STANLEY PARKER,

    Movant.

)
)
)
)
)
)

O R D E R

FILED
Dec 29, 2009
LEONARD GREEN, Clerk

Before: BATCHELDER, Chief Judge; CLAY and WHITE, Circuit Judges.

    Stanley Parker, a Michigan prisoner proceeding pro se, moves the court, pursuant to 28 U.S.C. § 2244(b)(3)(A), for an order authorizing the district court to consider a second or successive habeas corpus petition to be filed under 28 U.S.C. § 2254.

    Following a jury trial, Parker was found guilty of first-degree premeditated murder, assault with intent to do great bodily harm less than murder, two counts of possession of a firearm during the commission of a felony, and one count of being a felon in possession of a firearm. He was sentenced to serve life imprisonment for the murder conviction, ten to fifteen years of imprisonment for the assault conviction, two years of imprisonment for each firearm possession conviction, and five to seven and one-half years of imprisonment for being a felon in possession of a firearm. The sentences for all three firearm convictions were ordered to run concurrently with each other and consecutively to the sentences for murder and assault. The Michigan Court of Appeals affirmed Parker's convictions on October 23, 1998. The Michigan Supreme Court subsequently denied leave to appeal.

    Parker filed a § 2254 petition for a writ of habeas corpus on May 22, 2000. Parker raised the following five grounds for relief in his petition: 1) the jury empaneled for his trial "was anonymous"

Case 1:09-cv-00364-DWM-HWB   ECF No. 58   PageID.3   Filed 12/29/09   Page 2 of 4
Case: 09-1657   Document: 00610319824   Filed: 12/29/2009   Page: 2

No. 09-1657
- 2 -

and such anonymity undermined the presumption of innocence to which he was entitled; 2) he was denied a fair trial and effective assistance of trial counsel when a "police detective volunteered inadmissible information" during his trial and counsel failed "to move for a mistrial given the cumulative effect of [the detective's] testimony"; 3) the trial court erroneously instructed his jury "that they could infer guilt solely from [his] (alleged) false exculpatory statement that he never left home on the day of the shooting"; 4) he was denied a fair trial "where, during closing arguments, the prosecution vouched for the credibility of key witnesses, and by attempting to evoke sympathy for the decedent"; and 5) he was denied effective assistance of trial counsel. Upon the recommendation of a magistrate judge, and over Parker's objections, the district court denied Parker's habeas corpus petition. This court subsequently denied a certificate of appealability.

Thereafter, Parker returned to the state courts to pursue post-conviction relief. His pursuit was unsuccessful.

Parker has now filed the instant motion seeking permission to file a second or successive habeas corpus petition in the district court. In a second or successive habeas corpus petition, Parker intends to raise the following four grounds for relief: 1) he was denied a fair trial "where outrageous police misconduct was used to falsely identify [him] and to coercively fabricate eyewitness testimony"; 2) he is entitled to a new trial because "the prosecutor knowingly or recklessly used Gerald Crawford's false testimony that he only fired shots into the air, and not at [him] and his codefendant"; 3) he was denied a fair trial because the prosecutor delayed "charging and prosecuting chief prosecution witness Gerald Crawford for shooting at [him] and his codefendant Michael Collins until after their preliminary examination and trial of codefendants"; and 4) he was denied a fair trial "when the prosecutor used conflicting, [irreconcilable] theories [regarding] the identity of the shooter to convict [him] and his codefendant in [separate] trials." The state did not respond to Parker's motion.

Parker's motion does not satisfy the requirements of § 2244(b). The grounds for relief that Parker intends to assert in a second or successive habeas corpus petition were not raised in his prior habeas corpus petition. Parker's motion is subject to dismissal because he has failed to show that

his intended claims rely upon new rules of constitutional law or are based upon facts that could not have been discovered earlier and are sufficient to establish that a reasonable factfinder would not have found him guilty of the crimes for which he was convicted. *See* 28 U.S.C. § 2244(b)(2).

Relying upon § 2244(b)(2)(B), Parker contends that his claims could not have been presented earlier because they are based upon newly discovered evidence. However, Parker's evidence is not new. All of the claims that Parker intends to raise in a second or successive habeas corpus petition are based upon evidence that was available at the time of his trial. Parker does not contend that he was prevented from attending his own trial and listening to the prosecutor's arguments as well as the witnesses' testimony. The record also indicates that Parker was able to obtain the transcripts from his co-defendant's trial before he filed his direct appeal and prior habeas corpus petition. In fact, in his direct appeal and prior habeas corpus petition, Parker compares the testimony that prosecution witness Luedecking provided at his co-defendant's trial with the testimony that Luedecking provided at his trial by referring to the transcripts from both his and his co-defendant's trial.

Moreover, although Parker submits an April 21, 2003, affidavit from Lindell Ricardo Haley, in which Haley recants the testimony he provided at Parker's trial, the affidavit is based upon information that Haley possessed at the time of Parker's 1996 trial. Parker has offered no explanation for his delay in obtaining Haley's affidavit. In addition, Parker's alleged newly discovered evidence fails to establish that a reasonable factfinder would not have found him guilty of the crimes for which he was convicted in light of all of the evidence presented at his trial.

Therefore, we deny Parker's motion for permission to file a second or successive § 2254 habeas corpus petition in the district court.

ENTERED BY ORDER OF THE COURT

Leonard Green
Clerk

## UNITED STATES COURT OF APPEALS
### FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Leonard Green<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202–3988 | Tel. (513) 564–7000<br>www.ca6.uscourts.gov |

Filed: December 29, 2009

Stanley Parker
Kinross Correctional Facility
16770 S. Watertower Drive
Kincheloe, MI 49788

        Re:    Case No. 09–1657, *In re: Stanley Parker*
               Originating Case No. : 00–00364

Dear Sir or Madam,

  The Court issued the enclosed (Order/Opinion) today in this case.

                                Sincerely yours,

                                s/Scott J. Swearingen
                                Case Manager
                                Direct Dial No. 513–564–7011
                                Fax No. 513–564–7096

cc:  Ms. Tracey Cordes
      Mr. Joel D. McGormley

Enclosure